**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT    NOV 3 0 2006

FOR THE DISTRICT OF NEW MEXICO .

UNITED STATES OF AMERICA,

MATTHEW J. DYKMAN
CLERK

Plaintiff/Respondent,

v.

Civ. No. 06-301 JC/RLP
Cr. No. 99-777 JC

JUAN MANUEL CARBAJAL-MORENO

Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant is

currently incarcerated at the Federal Correctional Institution at Texarkana, Texas.

> In February 2001, an eight count superseding indictment was
> returned against [Defendant] and five co-defendants.
> [Defendant] was charged with engaging in a [continuing
> criminal enterprise] CCE, in violation of 21 U.S.C. § 848(a) &
> (c) (Count I); conspiracy to possess with intent to distribute
> 1,000 kilograms or more of marijuana, in violation of 21 U.S.C.
> § 846 (Count 2); and six counts of possession with intent to
> distribute 100 kilograms or more of marijuana, in violation of 21
> U.S.C. § 841(a)(1) & (b)(1)(B) (Counts 3-8).  A jury found
> [Defendant] guilty of all eight counts.  The district court
> sentenced him to 262 months on each  count, all to run
> concurrently.

*United Stats v. Carbajal-Moreno*, 87 Fed.Appx. 700, *702 (10th Cir. 2004) (unpublished decision).

2.    Defendant filed a direct appeal, *see id.*, and the Tenth Circuit Court of

Appeals held that (1) double jeopardy barred his convictions of both CCE and the lesser

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R)that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

included offense of conspiracy to possess marijuana with intent to distribute; (2) that the CCE conviction was affirmed because it did not require proof that Defendant supervised five or more individuals for each predicate violation; and (3) the evidence was sufficient to establish that Defendant supervised five or more individuals in the drug operation and therefore establish the CCE conviction. *Id.*

3.      The Amended Judgment was entered on August 4, 2004 [Cr. Doc. 456]. Entry of the Amended Judgment started the one-year limitation period contained in § 2255. Prior to that date, on April 14, 2004 Defendant filed a Motion for a New Trial [Cr. Doc. 433], which was denied by the district court on July 28, 2004 [Cr. Doc. 453]. Defendant then filed an appeal on denial of his motion for a new trial. Defendant's trial had taken place on May 8-22, 2001; thus, his Motion for a New Trial was filed almost three years after his trial.

4.      The ground for the new trial and the appeal was that "sometime after his convictions were entered, [Defendant] discovered that his trial attorney surrendered his Bar license prior to trial. *United States v. Carbajal-Moreno*, 136 Fed.Appx. 163, 164 (10th Cir. 2005) (unpublished opinion). As did the district court, the circuit court found that the motion for a new trial was in reality a claim for ineffective assistance of counsel, which must be brought in collateral proceedings. *Id.* The date of the opinion is June 20, 2005; almost one year later, on June 9, 2006, Defendant filed his § 2255 motion.

5.      The issue is whether Defendant's Motion for a New Trial and subsequent appeal toll the one-year limitation period in § 2255. In an unpublished decision, the Tenth Circuit held that "a pending motion for a new trial under Fed.R.Crim.P. 33 generally does not toll the statute of limitations." *United States v. Pedraza*, 65 Fed.Appx. 702, **2 (10th Cir. 2003) (unpublished opinion). The *Pedraza* court cited to *Trenkler v. United States*, 268

2

F.3d 16 (1st Cir. 2001) for this proposition.  That case held that a Rule 33 motion for a new trial is not part of the direct appeal from a judgment, and therefore the one year limitation period starts to run when the judgment is final.  268 F.3d at 22.

6.      In a case directly on point with the instant case, the defendant filed a Rule 33 motion while his direct appeal was pending.  *Barnes v. United States*, 437 F.3d 1074 (11th Cir. 2006).  The court found that this circumstance did not serve to toll § 2255 and also noted that § 2255 does not contain the same tolling provisions as those in § 2244(d)(1) for state petitioners.  *Id.* at 1078.

7.      The Amended Judgment in this case was entered on August 4, 2004.  The Defendant is granted an additional 90 days from that date in which to file a petition for writ of certiorari.  *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000), which means the limitation period began to run on November 4, 2004.  One year from that time is November 4, 2005.  The § 2255 Motion in this case was not filed until June 9, 2006, well after the one year limitation period.  Thus, Defendant's § 2255 Motion is time-barred.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence be denied, and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge